UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                      Case No. 20-51655

EDWARD STEPHONE WILLIAMS, *pro se*,         Chapter 7

        Debtor.                                          Judge Thomas J. Tucker
_____/

**OPINION AND ORDER DENYING THE DEBTOR'S MAY 3, 2023 MOTION
FOR INJUNCTIVE RELIEF**

This case is before the Court on a motion filed on May 3, 2023 by the Debtor, entitled "Emergency Ex-Parte Motion for Injunctive Relief to halt all proceedings In Lieu of Determination of petitioner's complaint filed with the Department of Justice against U.S. Trustee Stuart A. Gold and his attorney Elias T. Majoros" (Docket # 104, the "Motion"). The Court will deny the Motion, for the following reasons.

First, the Motion does not allege or demonstrate any valid factual or legal basis for the Court to halt any proceedings in this Chapter 7 bankruptcy case.

Second, because the Motion seeks an injunction, the Debtor is required to seek such relief by filing an adversary proceeding, under Fed. R. Bankr. P. 7001(7). Such relief may not be sought merely by filing a motion, which is a contested matter rather than an adversary proceeding. The Debtor has not filed any adversary proceeding seeking such relief.

Third, the Debtor's filing and pendency of a complaint with the United States Justice Department, as alluded to in the Motion and also in the notice filed on May 3, 2023 (Docket # 105), is not a valid or sufficient basis for this Court to grant the Debtor any relief in this bankruptcy case.

Fourth, if and to the extent the Motion is intended by the Debtor to be, in part, an objection to the Chapter 7 Trustee's pending motion for authority to sell the Debtor's home (Docket # 87, filed March 28, 2023), such an objection is untimely and for that reason it must be overruled. The deadline for filing objections to the Trustee's sale motion was April 21, 2023. The Debtor's three adult children jointly filed a timely objection to the sale motion, on April 18, 2023 (Docket # 90),[1] but the Debtor did not join in that objection, and did not file any objection of his own.

Fifth, in part the Motion may be seeking relief from the Order entered in this case on April 9, 2021 (the "Order Concerning Debtor's Exemptions" (Docket # 23)). Among other things, that Order (the "April 9, 2021 Order") has the effect of precluding the Debtor from claiming any exemption in the real property that is the subject of the Trustee's pending sale motion. If and to the extent the Motion seeks relief from the April 9, 2021 Order, the Motion does not allege or demonstrate any valid basis for such relief. And in any event, if the Debtor wishes to seek relief from such Order, the Debtor may file a motion for relief under Fed. R. Bankr. P. 60(b), Fed. R. Bankr. P. 7024. But any such motion must allege a valid basis for relief under Rule 60(b). The Court notes, however, that the Debtor personally signed a stipulation expressly agreeing to the entry of the April 9, 2021 Order. (*See* "Stipulation for Entry of Order Concerning Debtor's Exemptions," filed April 8, 2021 (Docket # 22)). As a result, the Court already ruled that the Debtor "cannot now be heard to complain about that Order." *See* Opinion

---

[1] A telephonic hearing on the Trustee's sale motion is currently scheduled for May 10, 2023 at 9:00 a.m.

and Order Denying the Defendants' Motion for Stay Pending Appeal, filed in Adv. No. 21-4032 on April 12, 2023 (Docket # 93 in Adv. No. 21-4032), at 8 n.2.

For all of these reasons, the Court must deny the Debtor's present Motion.

IT IS ORDERED that the Motion (Docket # 104) is denied.

**Signed on May 4, 2023**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**